ASHUELOT NAT. BANK *v.* SCHOOL-DISTRICT No. 7, VALLEY COUNTY.

(*Circuit Court, D. Nebraska.* February 21, 1890.)

1. SCHOOL-DISTRICTS—BONDS—ESTOPPEL.
   The payment of interest on school bonds does not estop the school-district from denying their validity, where it is not shown that the officers and people of the district had full knowledge of the facts connected with the issuance and sale of the bonds.
2. SAME—POPULAR VOTE.
   Where the law does not authorize the people of a school-district to vote that bonds be issued for a specific purpose, such a vote does not make the bonds valid, even in the hands of an innocent purchaser.

At Law.

*Montgomery & Jeffrey* and *L. P. Dosh*, for plaintiff.
*Martz & Williams* and *Thurston & Hall*, for defendant.

DUNDY, J.   On the 15th of October, 1874, the defendant school-district voted in favor of issuing bonds, to the amount of $2,000, for the purpose of building and furnishing a school-house for the use of the district.   About two years thereafter a school-house was erected under contract with the district, and the bonds in suit were turned over to the contractor or his assignee in payment for the building so erected for the district.   The bonds contained the name of, and purported to be issued by, the three officers of the district.   The name of one of these (Ziba Ferguson) was forged to the bonds.   The jury found this to be a fact, and both parties concede it to be so.   The bonds, however, were delivered to the contractor or the subcontractor who erected the building, and were by him put on the market, and eventually passed into possession of the Corbin Banking Company, in due course of business, after which the plaintiff became the purchaser, for value, and without notice of any infirmity.   Taxes were levied and interest paid on the bonds for several years, in consequence of which it is claimed the district is estopped from denying the validity of the bonds when in the hands of innocent purchasers.   This suit was brought in 1883, by Mr. D. G. Hull, for the plaintiff.   A jury was at one time impaneled, and some progress was made in the trial, when it was discovered that Ferguson's name to the bonds was a forgery.   The plaintiff thereupon moved to have the jury discharged from the further consideration of the case, which was then done.   The plaintiff also moved for leave to amend the petition by adding a count for money had and received, and leave was given therefor; but it seems that no amendment of the petition was made.   It was apparently conceded at the time that no recovery could be had on the bonds, for the reason as claimed, that the same were not the valid obligations of the district.   I have not had my attention directed to any similar case, brought to recover on bonds to which any portion of the signatures were conceded to be forged.   It may be possible, that under conditions such as we have here, the validity of the bonds should be upheld.   But, as I view the matters presented by the special verdict, it is unnecessary to determine this question, which might be altogether decisive of the controversy.

Very much might be said against the claim of the plaintiff "that the defendant is estopped from setting up the invalidity of the bonds" after paying the interest on them for several years prior to the institution of this suit.   Certainly, the doctrine of estoppel would not apply with much force unless the officers and people of the district acted in the premises with full knowledge of the facts connected with the issuing of the bonds, and putting them on the market.   In this case there is not enough to show that such knowledge existed at the time the interest was paid on the bonds.

At the time these bonds were voted the laws of the state did not authorize the proceedings which led to the issuing of the bonds, and the

turning them over to a contractor or subcontractor, in payment for a school-house. The law authorized the borrowing of money for such a purpose, and provided for the manner of raising the money to repay the amount to be borrowed. A bond might be given by the district as evidence of the debt, but no vote of the people of the district would be necessary therefor. That would be an incident to the authority to borrow money for the purpose stated. When the law does not authorize the voting of bonds for a specific purpose, such a vote has no binding authority on a school-district, or other political subdivision of a county. A *bona fide* holder could not acquire title to bonds so issued so as to relieve them from such an infirmity. This question is well settled here, and no extended argument seems necessary to establish the correctness of it. I have heretofore had occasion to consider and determine a similar question in a suit brought on bonds claimed to have been voted by Sherman county to aid in building a court-house in that county. No authority existed for voting any such bonds, and it was held in that case that the bonds sued on were not the valid obligations of the county. See *Lewis* v. *Board*, 2 McCrary, 464, 5 Fed. Rep. 269. This same question has been before the supreme court of the state, and the result there reached is the same. The case of *State* v. *School-Dist.*, 16 Neb. 182, 20 N. W. Rep. 209, is in point. That was a suit brought on bonds voted by a school-district to build a school-house. The bonds were turned over to the contractor in payment for the house. No money was borrowed to build the house, and no authority existed for voting the bonds. But the people of the district voted for the issuing thereof. They were issued. They were turned over to the contractor, in lieu of money, in payment for the house. The house was built. The bonds were put on the market, and went into the hands of Otto in the due course of business, he (Otto) being an innocent purchaser; and yet the supreme court held there could be no recovery against the district, because no authority existed for voting the bonds. That case is almost identical with the one under consideration; but in that case the signatures to the bonds were genuine, while in the present case one of the three signatures was forged and fraudulent. The reasons above stated entitled the defendant to judgment on the verdict. Judgment for defendant for costs of suit.